IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CRAIG THOMAS MURNION,<br><br>Defendant. | CR 18-93-BLG-DLC-TJC<br><br>**FINDINGS AND RECOMMENDATIONS REGARDING REVOCATION OF SUPERVISED RELEASE** |

A petition filed in this case alleges that Defendant violated conditions of his supervised release. U.S. District Judge Christensen referred the matter to the undersigned to conduct a final hearing and issue findings and recommendations. (Doc. 62.)

On May 2, 2024, the Court conducted the final revocation hearing. Defendant admitted Violation Nos. 2–5 and denied Violation Nos. 1, 6, and 7. Following hearing, the undersigned found by a preponderance of the evidence that Defendant also committed Violation Nos. 1 and 7. The United States moved to dismiss Violation No. 6. As discussed below, it is recommended that Defendant's supervised release be revoked, and that the Court sentence Defendant to five (5) months incarceration, followed by 24 months of supervised release.

/ / /

I.   **BACKGROUND**

In January 2019, Defendant pled guilty to the offense of prohibited person in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3).  (Docs. 22, 23.)  On April 25, 2019, the Court sentenced him to 24 months incarceration and a term of 36 months supervised release.  (Doc. 32.)

On October 6, 2021, Defendant's supervised release was revoked for alcohol use, failure to attend substance abuse treatment, and failure to report for urinalysis testing.  (Doc. 46 at 1.)  He was sentenced to two months incarceration, followed by a term of 34 months supervised release.  (*Id.* at 2–3.)

On March 17, 2022, Defendant's supervised release was revoked a second time for unlawful use of a controlled substance, failure to participate in substance abuse treatment, and failure to participate in mental health treatment.  (Doc. 58 at 1.)  He was sentenced to five months incarceration, followed by a term of 29 months supervised release.  (*Id.* at 2–3.)  Defendant began his current term of supervision on June 13, 2022.

On February 28, 2024, the United States Probation Office filed the petition now at issue.  (Doc. 61.)  The petition alleges that Defendant violated seven (7) conditions of supervised release, and provides a brief explanation of each violation.  *Id.*  Based on the petition, Judge Christensen issued a warrant for Defendant's arrest.  (Doc. 67.)  Defendant was arrested on March 11, 2024, and made his initial

appearance the following day.  (Docs. 63, 67.)  Defendant, represented by counsel, stated that he had read the petition and waived a preliminary hearing.  (Doc. 63.)  The Court set the final revocation hearing for March 28, 2024.  (*Id.*)

At the hearing on March 28, 2024, Defendant moved for a two-week continuance, and the Court reset the final revocation hearing for April 11, 2024.  (Doc. 68.)  Defendant subsequently filed a motion seeking a second continuance, which the Court granted, setting the final revocation hearing for May 2, 2024.  (Docs. 70, 72.)

## II.    FINAL REVOCATION HEARING

Defendant appeared at the revocation hearing represented by Steven Babcock.  Thomas Godfrey represented the United States.  The undersigned explained the findings and recommendations procedure to Defendant, including his right to object to the findings and recommendations, and the right to appear and allocute before Judge Christensen prior to final imposition of sentence.  After consenting to proceed, Defendant admitted Violation Nos. 2–5 as alleged in the petition, and denied Violation Nos. 1, 6, and 7.  The undersigned accepted the admissions.  The United States then presented evidence in support of Violation Nos. 1 and 7.  Based on that evidence, the undersigned found by a preponderance of the evidence that Defendant committed those violations.  Counsel for the United States moved to dismiss Violation No. 6.

3

The undersigned calculated that Defendant's violation grade is C, his criminal history category is III, and the underlying offense is a class C felony. Under those circumstances, the statutory maximum sentence is 24 months incarceration, and the United States Sentencing Guidelines call for 5–11 months incarceration. Defendant could also be sentenced to as much as 29 months supervised release, less any custody time imposed. Counsel for the United States and Defendant's counsel agreed with those calculations.

Counsel for the United States requested a sentence of five (5) months incarceration with a term of supervised release to follow. Defendant's counsel requested a sentence of five (5) months incarceration with no supervised release to follow, or in the alternative, a term of supervised release but no term of incarceration.

### III. ANALYSIS

Based on Defendant's admission to the violations of his conditions of supervised release, his supervised release should be revoked. The Court should sentence Defendant to five (5) months incarceration, followed by 24 months supervised release.

The undersigned has considered all of the 18 U.S.C. § 3553(a) factors that are applicable to revocation of supervised release, including the nature and circumstances of the violations and the history and characteristics of the defendant.

With respect to these factors, Defendant had a criminal history category of III when sentenced on the underlying offense. His prior offenses involved both controlled substances offenses and firearm offenses.

Defendant's supervised release has been revoked on two prior occasions, both involving use of controlled substances. On his third term of supervision, he did well for over a year and a half. He acknowledged drinking alcohol in December 2023, however, and was positive for alcohol when he was treated at the hospital for a gunshot wound in January 2024. He also used marijuana in late 2023 and February 2024. It appears he had relapsed on alcohol and controlled substances at that time, which is particularly concerning since drug and alcohol use has been a source of Defendant's criminal history.

The undersigned has considered the need to afford adequate deterrence to criminal conduct and to protect the public from further crimes. Given the circumstances described above and that this is Defendant's third revocation for similar conduct, a custodial sentence is necessary to deter future violations and protect the public.

The undersigned has also considered the need for future educational and correctional treatment. A term of supervised release to follow Defendant's term of custody is recommended to facilitate his transition back into the community, and to provide some level of protection to the community while he is doing so.

In summary, the most serious violation in the petition was dismissed by the government at the revocation hearing. For the remaining violations established at the hearing, after considering the statutory maximum, the Chapter 7 Policy Statements and Guideline range, and all the circumstances of the current violations, a sentence of five (5) months, followed by 24 months supervised release is sufficient, but not greater than necessary, to comply with the purposes in 18 U.S.C. § 3553(a).

## IV.  CONCLUSION

Defendant was advised that the above sentence would be recommended to Judge Christensen, and he was reminded that he has the right to object to these Findings and Recommendations within 14 days of their issuance. He was also reminded that he has the right to appear and allocute before Judge Christensen prior to final imposition of sentence.

Based on Defendant's admissions at the hearing, the Court makes the following **FINDINGS:**

1.  Defendant violated the standard condition that he must notify his probation officer at least 10 days before a change in his place of living—or within 72 hours, if notifying the probation officer in advance is not possible due to unanticipated circumstances—when he moved out of the Jacob House sober living

/ / /

6

home on September 18, 2022, and failed to give any notice to the probation officer prior to or within 72 hours after moving out of the home.

2. Defendant violated the standard condition that he must notify his probation officer within 72 hours if he is questioned by a law enforcement officer when he was issued a verbal warning for speeding by the Montana Highway Patrol on October 17, 2022, and failed to notify his probation officer within 72 hours of having contact with the trooper that stopped him.

3. Defendant violated the special condition that he must abstain from the consumption of alcohol and must not enter establishments where alcohol is the primary item of sale (1) when he signed an Admission of Use form on February 21, 2024, acknowledging he consumed 4–5 shots of whiskey and 2–3 cans of beer on December 25, 2023; and (2) when he was admitted to the emergency room with a gunshot wound on January 29, 2024, and his blood alcohol content was measured at 155 mg/dl, with the investigation further revealing surveillance footage of Defendant consuming alcohol in the Rainbow Bar on the same evening he was admitted to the emergency room.

4. Defendant violated the mandatory condition that he must refrain from any unlawful use of a controlled substance when he signed an Admission of Use form on February 21, 2024, acknowledging he smoked marijuana on December 25,

///

2023, and submitted a urine sample on February 21, 2024, that tested positive for marijuana.

    5.    Defendant violated the standard condition that he must not knowingly communicate or interact with a person he knows has been convicted of a felony without first getting the permission of the probation officer when he associated with a convicted felon on January 29, 2024, without the permission of the probation officer.

Accordingly, **IT IS RECOMMENDED** that:

    1.    The Court should revoke Defendant's supervised release, and sentence Defendant to five (5) months incarceration, followed by a term of 24 months supervised release.

    2.    The United States' motion to dismiss Violation No. 6 should be granted.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). Judge Christensen will make a *de novo* determination regarding any portion of the Findings and Recommendations to which objection is made. Judge Christensen may accept, reject, or modify, in

whole or in part, the Findings and Recommendations. Regardless of whether objections to the Findings and Recommendations are made, Defendant has the right to appear and allocute before Judge Christensen, prior to the Court's action on the Findings and Recommendations. *United States v. Gray*, 905 F.3d 1145, 1149 (9th Cir. 2018).

DATED this 2nd day of May, 2024.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge